IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SJT DEVELOPMENT, INC., a Nevada Corporation, and SANDRA M. TRIANTAFILLOS, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:11CV179 |
| V. | ) ) | |
| RACHEL L. RIEGER, DAVID L. RIEGER, DEANA M. GUHDE, DAVID F. GUHDE, MATTHEW WILSON, ENDEAVOR DEVELOPMENT & INVESTMENT GROUP, INC., a Nevada Corporation, JOHN REYES, JEFFREY KINNICK, JAMES VEGA, JOHN DOES I-V, real names unknown, LEVEL ONE FINANCIAL, INC., a California Corporation, STAR CAPITAL CORPORATION, a Delaware Corporation, SILVER HILL FINANCIAL, LLC, a Delaware Limited Liability Company, WACHOVIA BANK, NA, JOHN L. BERNARD, IB PROPERTY HOLDINGS, LLC, a Delaware Limited Liability Company, RANDY BENNETT, and BAYVIEW LOAN SERVICING, LLC, a Delaware Limited Liability Company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER AND NOTICE OF HEARING |
| Defendants. | | |

This matter is before the court on Plaintiffs' Motion for Reconsideration of Order Granting Defendants Rieger Leave to File an Answer out of Time; Motion to Strike Answer of Defendants Rieger; and Motion for Leave to File Motion for Clerk's Entry of Default (referred to herein as "Motion for Reconsideration") (filing 34) and Plaintiffs' Motion for

Extension of Time to Respond to Defendant Wilson's Motion to Dismiss (filing 39). Plaintiffs' Motion for Reconsideration (filing 34) will be denied, but Plaintiffs' Motion for Extension of Time (filing 39) will be granted.

### BACKGROUND

On June 23, 2011, this court entered a text order (filing 27) granting the Motion for Leave to File Answer Out of Time ("Motion for Leave") (filing 23) filed by Defendants David L. Rieger and Rachel L. Rieger (collectively referred to herein as the "Rieger Defendants"). In support of their Motion for Leave, the Rieger Defendants represented to the court as follows:

1. Plaintiffs' Complaint was filed with the District Court of Nemaha County, Nebraska on November 16, 2010, and the Rieger Defendants were served via certified mail on April 23, 2011.

2. Allan Fankhauser, who originally represented the Rieger Defendants, mailed an answer on their behalf to the District Court of Nemaha County on May 21, 2011, and the answer was filed on May 23, 2011.

3. Defendant John L. Bernard d/b/a/ Bernard Real Estate filed a Notice of Removal on May 20, 2011. The Rieger Defendants did not receive the Notice of Removal until after their answer had been mailed to the District Court for Nemaha County.

4. The Rieger Defendants did not file an answer with this court.

5. The Rieger Defendants retained new counsel on June 1, 2011. The Rieger Defendants' new counsel, Corey Stull, discovered the failure to file an answer in this court on June 21, 2011. The Rieger Defendants' Motion for Leave was filed in this action on June 22, 2011.

The Rieger Defendants filed their Answer (filing 28) with this court on June 23, 2011 (filing 28). Plaintiffs now ask that this court reconsider its order granting the Rieger Defendants' Motion for Leave, strike the Rieger Defendants' Answer and grant Plaintiffs leave to file a motion for clerk's entry of default. Each of these requests will be denied.

In support of their Motion to Reconsider, Plaintiffs argue that the court improperly granted the Rieger Defendants' Motion for Leave without first giving Plaintiffs an opportunity to respond. Plaintiffs also argue that the Rieger Defendants have not shown good cause for filing an answer out of time and that granting the Rieger Defendants' request for leave prejudices Plaintiffs. The court, having reviewed Plaintiffs' arguments opposing the Motion for Leave, which were submitted in connection with Plaintiffs' Motion for Reconsideration, again concludes that the Rieger Defendants should be allowed to respond to the Complaint.

The Rieger Defendants have shown good cause to answer out of time. The Rieger Defendants' failure to properly file a response with this court was caused by an overlap of the filings. This is not a situation in which a defendant simply decided not to respond.[1] Rather, the Rieger Defendants timely submitted an answer in the state court proceeding and, due to the timing and sequence of the filings, failed to realize that the state court no longer had jurisdiction by reason of the Notice of Removal. Upon learning of the mistake, the Rieger Defendants immediately filed their Motion for Leave with this court. These facts, which apparently are not disputed by Plaintiffs, constitute good cause.

Moreover, Plaintiffs have not demonstrated that giving the Rieger Defendants additional time to respond unfairly prejudices Plaintiffs. Plaintiffs argue that they will be prejudiced because, absent an entry of default, they may be unable to continue prosecuting their case for financial reasons. However, at the time the Rieger Defendants filed their Motion for Leave, Plaintiffs had not moved for an entry of default. Additionally, Plaintiffs have not shown that a motion for default judgment would ultimately be successful as the Rieger Defendants appear to have sufficient grounds to obtain relief from any default entered

---

[1] It should be noted that Plaintiffs have also failed to comply with court-imposed deadlines. On July 5, 2011, this court entered an order giving Plaintiffs until July 19, 2011, to obtain new counsel in this matter, as their present counsel has filed a Motion to Withdraw (filing 37). The action was stayed until July 19, 2011, to allow Plaintiffs time to obtain replacement representation (filing 40). However, as of July 19, Plaintiffs have not retained new counsel and, as of the present, have not filed a motion requesting that the deadline to do so be extended.

against them. Further, this case, which involves multiple parties, is in its initial stages and discovery has not yet begun. Several defendants have just recently filed responsive pleadings. Plaintiffs have not been prejudiced by the Rieger Defendants' delay in filing their Answer. Plaintiffs' Motion for Reconsideration will be denied.

Plaintiffs have also filed a Motion for Extension of Time (filing 39) to respond to the Motion to Dismiss filed by Defendant Matthew Wilson d/b/a Joe Wilson & Company (filing 31). Given the pending Motion to Withdraw, which will be set for hearing as provided below, the court concludes that an extension of time is warranted. Accordingly, Plaintiffs will be given until August 26, 2011, to respond to Wilson's Motion to Dismiss. On July 22, 2011, Defendant IB Property Holdings, LLC also filed a Motion to Dismiss (filing 42). Again, due to the pendency of the Motion to Withdraw, Plaintiffs will also be given until August 26, 2011, to submit a response to Defendant IB Property Holdings, LLC's Motion to Dismiss (filing 42).

**IT IS ORDERED:**

1. Plaintiffs' Motion for Reconsideration of Order Granting Defendants Rieger Leave to File an Answer out of Time; Motion to Strike Answer of Defendants Rieger; and Motion for Leave to File Motion for Clerk's Entry of Default (filing 34) is denied.

2. Plaintiffs' Motion for Extension of Time to Respond to Defendant Wilson's Motion to Dismiss (filing 39) is granted. Plaintiffs shall file their response to Defendant Wilson's Motion to Dismiss (filing 31) on or before August 26, 2011. Plaintiffs shall file a response to Defendant IB Property Holdings, LLC's Motion to Dismiss (filing 42) on or before August 26, 2011.

3. The Motion to Withdraw (filing 37) is set for evidentiary hearing on Thursday, August 18, 2011, at 9:30 a.m., Courtroom 6, Roman L. Hruska U.S. Courthouse, 111 S. 18th Plaza, Omaha, Nebraska.

4. Plaintiff Sandra M. Triantafillos and an officer of Plaintiff SJT Development, Inc. are required to attend the hearing.

5. Plaintiffs' attorney shall serve a copy of this Order and Notice of Hearing on

        Plaintiff Sandra M. Triantafillos at her last known address by certified mail, return receipt requested. Plaintiffs' attorney shall also serve a copy of this Order and Notice of Hearing on the appropriate officer of SJT Development, Inc., by certified mail, return receipt requested.

6.     On or before August 11, 2011, Plaintiffs' counsel shall file a certificate of service showing compliance with paragraph 5, above, and listing the names and addresses of the persons to whom notice was sent.

7.     The parties are advised that the evidentiary hearing will not be necessary and will be cancelled if Plaintiffs retain substitute counsel and substitute counsel enters a written appearance by the close of business on August 17, 2011. The written appearance must be timely filed with the Clerk of the Court.

**DATED July 27, 2011.**

                        **BY THE COURT:**

                        S/ F.A. Gassed
                        **United States Magistrate Judge**